UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN SKANDIA LIFE ASSURANCE CORP., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-1552 |
| | § | |
| DIANE L. KMETZ, *et al.*, | § | |
|     *Defendants*. | § | |

## ORDER

Pending before the court is defendant Diane L. Kmetz's motion for summary judgment. (Dkt. 18.) Defendant James E. Pohto, Jr. has not responded. Under the Local Rules of the Southern District of Texas Kmetz's motion will be treated as unopposed. S.D. TEX. LOC. R. 7.4. Having reviewed the motion, the record evidence, and the applicable law, the court finds that the motion should be GRANTED.

Kmetz and James E. Pohto were married on or about March 4, 1998. On August 25, 2003, American Skandia Life Assurance Corporation ("ASLAC") issued Annuity # 000629019 ("Annuity") to Pohto as participant and annuitant. Kmetz was designated the primary beneficiary. In October 2006, Kmetz filed for divorce. Consequently, the 308th Judicial District Court of Harris County entered a Temporary Restraining Order ("TRO"). The TRO restrained Kmetz and Pohto from:

- Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties;
- Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of Petitioner or Respondent whether personally or realty and whether separate or community, except as specifically authorized by order of this court;
- Changing or in any manner altering the beneficiary designation on any life insurance on the life of Petitioner or Respondent.

On October 19, 2006, Pohto was served with the TRO. On October 24, 2006, Pohto executed a change of beneficiary, designating Pohto's son, defendant Pohto, Jr., the primary beneficiary. Subsequently, the Harris County District Court issued an order keeping in place the above mentioned TRO. On January 31, 2007, Pohto died.

On May 8, 2007, ASLAC filed a complaint in interpleader seeking to interplead the proceeds from a death benefit payable under the terms of the Annuity. On June 26, 2007, this court ordered ASLAC to deposit into the registry of the court the annuity death benefit. On July 10, 2007, ASLAC deposited into the registry $163,692.52. On August 22, 2007, this court dismissed ASLAC with prejudice and ordered the defendants to file cross-motions for summary judgment by January 15, 2008. Only Kmetz has filed a motion for summary judgment. Pohto, Jr. has not responded to that motion.

Summary judgment should be granted if the record, taken as a whole, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *N.Y. Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the moving party meets this burden, however, Rule '(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075); *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996). The court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir.1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S. Ct. 2505 (1986).

Texas law recognizes constructive trusts as an equitable remedy "imposed by law because the person holding the title to property would profit by a wrong or would be unjustly enriched by a wrong or would be unjustly enriched if he were permitted to keep the property." *Matter of Monnig's Dept. Stores, Inc. v. Azad Oriental Rugs, Inc.*, 929 F.2d 197, 201 (5th Cir. 1991) (quoting *Omohundro v. Matthews*, 341 S.W.2d 401, 405 (Tex. 1960)); see also *Hudspeth v. Stoker*, 644 S.W.2d 92, 94 (Tex. App.—San Antonio 1982, writ ref'd ) (equitable device imposed by court to prevent unjust enrichment). The party seeking to impose a constructive trust must establish the existence of each of the following elements: (1) actual or constructive fraud; (2) unjust enrichment

of the wrongdoer; and (3) tracing to an identifiable res. *Matter of Monnig's*, 929 F.2d at 201; *see also Burkhart Grob Luft und Raumfahrt GmbH & Co. K.G. v. E-Systems, Inc.*, 257 F.3d 461, 469 (5th Cir. 2001).

To establish actual fraud, Texas law requires: (1) the party to be charged made a material misrepresentation that was false; (2) it knew the representation was false or made it recklessly as a positive assertion without knowledge of the truth; (3) it intended to induce the aggrieved party to act on the representation; and (4) the aggrieved party actually and justifiably relied on it. *Ernest & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Even when actual fraud can not be established, a constructive trust may still be applied where there is a showing of constructive fraud. *Meadows v. Bierschwale*, 516 S.W.2d 125 (Tex. 1974). To establish constructive fraud there must be an existing or prior confidential relationship. *Panama-Williams, Inc. v. Lipsey*, 576 S.W.2d 426, 432 (Tex. Civ. App.—Houston [1st Dist.] 1978), *aff'd after remand*, 611 S.W.2d 917 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). However, the mere subjective confidence among business associates is insufficient to establish a confidential relationship exists for purposes of supporting a claim of constructive fraud. *Consolidated Gas & Equip. Co. v. Thompson*, 405 S.W.2d 333, 336 (Tex. 1966).

Pohto changed the beneficiary of the Annuity in violation of the TRO issued by the Harris County District Court. To permit the change to stand would unjustly enrich Pohto, Jr. to the detriment of Kmetz, the pre-TRO primary beneficiary. Lastly, the funds in dispute have been deposited in the registry of the court by ASLAC.

A constructive trust can be imposed on an illegally obtained benefit in order for the wronged party to recover the benefit. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 409 n.10 (5th Cir. 2004). Therefore, Kmetz's motion for summary judgment is GRANTED. Furthermore, a constructive trust is hereby imposed over the funds currently in the registry of the court for the benefit of Diane L. Kmetz. *See Oak v. Oak*, 814 S.W.2d 834 (Tex. App.—Houston [14th Dist.] Aug. 8, 1991, writ denied) (where husband, before his death, violated temporary injunction entered by district court forbidding any change in beneficiary on term life insurance policy, probate court properly imposed constructive trust on proceeds of policy in favor of the original beneficiary).

Signed at Houston, Texas on February 12, 2008.

_____
Gray H. Miller
United States District Judge